CATHERINE ARNOLD *vs.* WILLIAM H. GAYLORD.

A statute gave to any one injured in person, reputation, or estate by the commission of crime an action against the criminal, but provided that complaint should first be made to some proper magistrate, except in cases where an action could be maintained at common law.

This statute being in force, A., before complaint had been made to a magistrate, brought an action against B. for expenses and loss of society and service resulting from a fatal abortion produced instrumentally by B. on the body of A.'s daughter :

*Held*, that at common law the action would lie for loss of service, and for expenses incurred before the daughter's death, though no criminal complaint was made, it not appearing that the woman was " quick with child."

*Held*, further, that, so far as expenses and loss of service after the death of A.'s daughter were concerned, B. could, under the general issue, avail himself of the omission to make complaint before a magistrate.

PLAINTIFF'S petition for a new trial.

*July* 23, 1889. PER CURIAM. This is an action of trespass on the case, begun by writ dated June 21, 1887. The declaration is as follows, viz. :

" Catherine Arnold, of Warwick, in the county of Kent, com-

plains of William H. Gaylord, of Pawtucket, in the county of
Providence, in the custody of the sheriff in an action of trespass
on the case.　For that whereas heretofore, to wit, on the
day of November, 1886, and on divers other days and times after
that day and before the commencement of this suit, to wit at said
Pawtucket, the defendant, contriving and wrongfully and unlaw-
fully intending to injure the plaintiff, and to deprive her of the
comfort, society, and service of Catherine Arnold, her daughter
and servant, did wrongfully, wilfully, and unlawfully use a certain
instrument by then and there forcing, thrusting, and inserting the
said instrument into the womb and privates of the said Catherine
Arnold, the daughter and servant of the plaintiff, she being a
woman then and there pregnant with child, with intent and for
the purposes of procuring, and did, so forcing and thrusting and
inserting said instrument as aforesaid, procure the miscarriage of
the said Catherine Arnold, daughter and servant of the plaintiff,
by reason whereof she, the said Catherine Arnold, daughter and
servant of the plaintiff, became mortally sick, weak, and disor-
dered in her body, of which sickness, weakness, and disorder afore-
said the said Catherine Arnold, on and from, to wit, the said
day of November, 1886, did languish, and languishing
did live until, to wit, the　　　　　day of December, 1886, she
died, and thereby and by reason thereof she, the plaintiff, lost and
was deprived of the fellowship, society, assistance, and service of
her said daughter and servant as aforesaid, and also, by means of
the said several premises, she, the plaintiff, was forced and obliged
to and did necessarily pay, lay out, and expend divers sums of
money, in the whole amounting to a large sum of money, to wit,
the sum of　　　　　dollars, in and about the nursing and taking
care of the said Catherine Arnold, her said daughter and servant,
and in and about the funeral and the burial of her remains, to
the damage of the plaintiff ten thousand dollars, as laid in her
writ," etc.

The defendant pleaded the general issue.

On trial the plaintiff submitted evidence supporting the dec-
laration, and at the conclusion thereof the defendant moved for a
nonsuit, on the ground that there was no evidence to show that
the plaintiff had complained to some proper magistrate of the

offence committed by the defendant, as required by Pub. Stat. R. I. cap. 204, §§ 21 and 22,[1] it appearing from the declaration and evidence that the plaintiff's daughter had died in consequence of a miscarriage procured by him. The question is, whether the action is maintainable without such complaint.

The plaintiff, as we construe her declaration, which is not entirely definite in this particular, seeks to recover damages for the loss of service of her daughter, not only during the period of her sickness before her death, but also for the loss consequent upon her death. The homicide committed by the defendant, if not murder, was, at least, an offence punishable by imprisonment in the state prison for not less than five years. Pub. Stat. R. I. cap. 240, § 22.[2] We think it is clear that, for any loss of service consequent upon the death, the plaintiff was not entitled to recover without first showing a complaint to some proper magistrate therefor, since at common law no action would lie in her favor for such damages.

---

[1] As follows :

" SECT. 21. Whenever any person shall suffer any injury to his person, reputation, or estate by the commission of any crime or offence, he may recover his damages for such injury, either in an action of trespass or in an action of the case against the offender.

" SECT. 22. No such action, except as provided in the five sections preceding the last, shall be commenced for such injury until after complaint has been made to some proper magistrate for such crime or offence, and process issued thereon against the offender, excepting only those cases in which such actions may now be maintained at common law ; and whenever any person shall be convicted of larceny, he shall be liable to the owner of the money or articles taken for twice the value thereof, unless the same be restored, and for the value thereof in case of restoration."

[2] As follows :

" SECT. 22. Every person who, with intent to procure the miscarriage of a pregnant woman, or woman supposed by such person to be pregnant, unless the same be necessary to preserve her life, shall administer to her or cause to be taken by her any poison or other noxious thing, or shall use any instrument or other means whatsoever, or shall aid, assist, or counsel any person so intending to procure a miscarriage, shall, if the woman die in consequence thereof, be imprisoned not exceeding twenty years nor less than five years, and, if she do not die in consequence thereof, shall be imprisoned not exceeding seven years nor less than one year : *Provided*, that the woman whose miscarriage shall have been caused or attempted shall not be liable to the penalties prescribed by this section."

The question, therefore, resolves itself into this, whether she is entitled to recover for the loss of service and for the expense she was put to by the defendant's act previous to her daughter's death. The statute, in requiring a complaint, makes an exception in favor of such actions as were previously maintainable at common law without such complaint. We are of the opinion that at common law she might have maintained her action for the loss of service and expenses previous to the death, without making a complaint, there being nothing to show that the child was quick when the miscarriage was procured, and, if not, the offence at common law was at most a misdemeanor. " The same act which deprives a master of the services of his laborer, or a father of those of his child," says Cooley in his work on Torts, *262, " may result in the death of the servant or child. In these cases the common law gave a remedy for the loss, but only for the time intermediate between the injury and the death. The master, parent, etc., suing, might, however, recover any incidental damages he might have suffered, such as expenses for medical attendance, care, and nursing up to that time ; but the estimate must be confined to the pecuniary loss, and not cover mental suffering." *Osborn* v. *Gillett*, L. R. 8 Exch. 88 ; *Hyatt* v. *Adams*, 16 Mich. 180.

We do not think a special plea was necessary in order to enable the defendant to take advantage of the plaintiff's omission to complain, in so far as her action was for loss of service and for expenses after her daughter's death ; since to that extent the action is maintainable only under §§ 21 and 22, which make the complaint a condition precedent to the right of action, and therefore a part of the plaintiff's case. *Baker* v. *Slater Mill & Power Co.* 14 R. I. 531. The plaintiff's petition for new trial is granted.

*Samuel W. K. Allen*, for plaintiff.

*George J. West & Thomas W. Robinson*, for defendant,